SAMUEL P. P. FAY, Judge of Probate, *vs.* OLIVER C. ROGERS, Administrator, & others.

The leave of the judge of probate, to bring an action on the bond of an executor or administrator, under Rev. Sts. *c.* 70, § 6, can only be granted by decree in writing.

ACTION OF CONTRACT, on an administrator's bond, brought for the benefit of the intestate's widow. The answer averred that the widow was not a creditor or next of kin of the intestate, and denied that the judge of probate had ever authorized her to bring or prosecute this action.

The parties agreed that no application had been made in writing for authority to bring this action, and that there was no

record or memorandum in writing, in the probate office or else-where, to show that any such authority had been given by the judge of probate; but the widow made an oral application to the judge of probate, at a probate court, for authority to bring an action on this bond, and stated and explained the grounds of the application; and the judge thereupon verbally authorized the bringing of the action.

It was agreed that if parol evidence was admissible to prove the application and the authority to bring the action, the defend-ants should be defaulted; otherwise, they should have judgment for their costs.

*J. G. Abbott*, for the plaintiff, cited Rev. Sts. *c.* 70, § 6; *Jones, appellant*, 8 Pick. 121; *White* v. *Stanwood*, 4 Pick. 380.

*E. Buttrick*, for the defendants, cited Rev. Sts. *c.* 83, §§ 7, 20, 34; *c.* 70, § 7; *Robbins* v. *Hayward*, 16 Mass. 524; *Jones, appellant*, 8 Pick. 121; *Conant* v. *Kendall*, 21 Pick. 40.

DEWEY, J. The defendants in their answer deny the author-ity of the party prosecuting this suit to institute and maintain it. This objection was taken at the proper stage, and entitles the defendants to all the benefits of such defence.

The question arises under the provisions of the Rev. Sts. *c.* 70, § 6, by which the judge of probate, on the representation of any person interested in the estate of any deceased person, that the executor or administrator has failed to perform his duty in certain respects, may authorize such person to bring an action on the bond given to the judge of probate.

That such objection, of want of authority to sue, when taken in the first stage of the proceedings, may prevail, is well settled. No doubt many suits, in which the proceedings in this respect have been informal, but in which no objection was taken, have been maintained, the permission of the judge of probate to sue the bond being properly presumed.

But we are now directly brought to the inquiry as to the proper evidence of an authority to sue this bond. The only proposed evidence of that fact, in this case, is oral. It is admitted that no application was made in writing to the judge of probate, asking for such authority; and that there is no record

Fay, Judge, *v.* Rogers, Administrator, & others.

or memorandum in writing, in the probate office or elsewhere, to show that any such authority was given ; and that the only authority to sue the bond was a verbal one.

It seems to us that such order is in the nature of a judicial decree, and as such ought to be recorded in the probate records. A decree refusing such an order is certainly a judicial decree, from which a party aggrieved may appeal.  To secure this right of appeal, the application should be in writing ; and if the judge of probate refuses to give authority to sue the bond, the supreme court of probate may, upon good reason appearing therefor, reverse the order, and allow the suit.  *Robbins* v. *Hayward,* 16 Mass. 528.

The case of *Jones, appellant,* 8 Pick. 121, seems to indicate a different opinion as to the necessity of any decree where the judge of probate allows a suit to be instituted on the bond ; although it holds that, when the party is refused his prayer for leave to sue the bond, a decree ought to be made, in order that he may appeal.

How far the right of appeal from a decree allowing a suit on the bond exists, and what party can take such an appeal as a party aggrieved, are perhaps not necessarily to be settled at this time.  We do not suppose any such appeal could be taken by the signers of the bond.  The adjudication decides no question of their liability, but only as to an authority to institute a suit upon the bond.

But however this may be, and however restricted the right of appeal, if any exists, where the application for leave to sue the bond is granted, the court are of opinion that any decree on this subject should be duly made. in writing, and proved in the same manner as other decrees ; and that the proper course is in all cases to make a written representation to the court, asking for such authority ; and whenever no such decree is made in writing, and the objection is taken at the first stage of the suit upon the bond, and in the nature of a plea in abatement of the suit, such objection will be a good defence to the further main‑ tenance of the action.      *Judgment for the defendants for costs*